## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

SUNTRUST BANK,

     Plaintiff,

v.                            Case No.  4:24-cv-70-MW-MJF

KAREN STRIPLING, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's motion to remand, Doc. 3. Because the District Court does not have subject-matter jurisdiction regarding this case and because Defendant Karen Stripling violated United State District Judge Robert L. Hinkle's order precluding her from removing this action to federal court, the District Court should grant Plaintiff's motion to remand this action to state court from which it was arose.

### I. BACKGROUND

On December 16, 2015, Plaintiff filed a residential mortgage foreclosure action in Florida court against Stripling. This is Stripling's fourth attempt to remove this case to federal court. Notably, Stripling's

Page 1 of 10

current attempt to remove this action to federal court occurred after Stripling agreed—in state court—that she would not contest the final judgment entered by the state court. Doc. 1 at 12 ("As agreed by the parties, [Stripling] waives any right to contest the final judgment.").

## A. Stripling's First Removal of the Foreclosure Action

On June 13, 2018, Stripling removed the case to the United States District Court for the Northern District of Florida. *SunTrust Bank v. Stripling* (*Stripling I*), No. 5:18-CV-138-RH-GRJ (N.D. Fla. June 13, 2018). On July 2, 2018, United States Magistrate Judge Gary R. Jones recommended that the District Court remand the action to state court because Stripling's removal was untimely and the district court lacked subject-matter jurisdiction. *SunTrust Bank v. Stripling*, No. 5:18-CV-138-RH-GRJ, 2018 WL 3577350, at *1 (N.D. Fla. July 2, 2018). For those reasons, on July 24, 2018, United States District Judge Robert L. Hinkle remanded the case to state court. *SunTrust Bank v. Stripling*, No. 5:18CV138-RH/GRJ, 2018 WL 3574937, at *1 (N.D. Fla. July 24, 2018).

## B. Stripling's Second Removal of the Foreclosure Action

On September 17, 2018, Stripling again attempted to remove the foreclosure action to federal court. Stripling used the same case number

assigned to her by the clerk of the court when she first removed the foreclosure action to the Northern District of Florida. *Stripling I*, ECF No. 15. On November 15, 2018, United States District Judge Robert L. Hinkle remanded this case to state court because "there [was] plainly no basis for federal jurisdiction." *Id.*, ECF No. 18. Judge Hinkle also ordered Stripling "not to again attempt to remove the case to this court." *Id.* Judge Hinkle warned Stripling that a "[v]iolation of that directive, which is an injunction, may be punished as a contempt of court." *Id.*

## C.    Stripling's Third Removal of the Foreclosure Action

In contravention of Judge Hinkle's order, on August 30, 2019, Stripling again attempted to remove the foreclosure action to federal court. *Suntrust Bank v. Stripling* (*Stripling II*), No. 4:19-CV-422-MW/MJF (N.D. Fla. Aug. 30, 2019). Because Stripling refused to pay the filing fee and failed to demonstrate that the District Court enjoyed subject-matter jurisdiction, the undersigned recommended that the District Court remand the action to state court. *Suntrust Bank v. Stripling*, No. 4:19-CV-422-MW/MJF, 2019 WL 6831439, at *1 (N.D. Fla. Dec. 3, 2019). On December 13, 2019, Chief United States District Judge Mark E. Walker remanded the case to the Florida court in which it

originated. *SunTrust Bank v. Stripling*, No. 4:19-CV-422-MW/MJF, 2019 WL 6828379 (N.D. Fla. Dec. 13, 2019).

**D.    Stripling's Current Removal—Her Fourth—of the Foreclosure Action**

On February 9, 2024, Stripling again violated Judge Hinkle's order and removed this action from state court. Doc. 1. The notice of removal suffers from the same defects as her prior notices of removal:

- Stripling failed to allege facts which indicate that the District Court enjoys subject-matter jurisdiction. *See* 28 U.S.C. § 1446(a);

- Stripling failed to include all of the pleadings and orders form the underlying state court-case. *See* 28 U.S.C. § 1446(a); and

- Stripling's attempt at removal is untimely by many years. *See* 28 U.S.C. § 1446(b)(2)(B).

**E.    The Undersigned's Order to Show Cause**

The undersigned ordered Stripling to show cause why this action should not be remanded to the Florida court from which it originated and to show cause why the District Court should not sanction Stripling for her violation Judge Hinkle's order. Doc. 4.

**F.    Stripling's Response to the Order to Show Cause**

Stripling responded to the undersigned's order to show cause but failed to state facts which indicate that the District Court enjoys subject-

matter jurisdiction and failed to state a good reason for not imposing sanctions on Stripling. Doc. 5.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by the Constitution and federal law. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The validity of a federal court's order depends upon that court having subject-matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Absent a grant of subject-matter jurisdiction from Congress, a federal court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

"It is to be presumed that a cause lies outside" a federal court's "limited jurisdiction . . . ." *Kokkonen*, 511 U.S. at 377. In cases removed from a state court, the "burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (quotation marks omitted); *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Courts construe removal jurisdiction narrowly and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (noting that "uncertainties are resolved in favor of remand"); *see Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.

2009) (noting that the "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand").

In this case, Stripling did not state in her notice of removal the basis on which the District Court purportedly enjoys subject-matter jurisdiction. This omission was a clear violation of 28 U.S.C. § 1446(a) (requiring the defendant to include "a short and plain statement of the grounds for removal"). Recognizing this deficiency, on March 13, 2024, the undersigned ordered Stripling to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Doc. 4. Stripling responded, but she failed to demonstrate that the District Court has subject-matter jurisdiction regarding this case.

## A.    <u>Federal-Question Jurisdiction</u>

At best, Stripling asserts that she has a federal defense to Plaintiff's state-law claim. *See generally* Doc. 5 at 2. But "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Stern v. Int'l Bus. Machines Corp.*, 326 F.3d 1367, 1370 (11th Cir. 2003) ("A federal defense to a state law claim generally is insufficient to satisfy the requirements of 28 U.S.C. § 1331."). Federal-question jurisdiction exists only "when a federal

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added); *see Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Plaintiff initiated this action as a foreclosure action under Florida law, and Stripling does not contest that the complaint raises only state-law claims. Therefore, Stripling has failed to establish that the District Court can exercise federal-question jurisdiction regarding this case.[1]

**B.    Diversity-of-Citizenship Jurisdiction**

Even if Stripling could sufficiently meet the standard for invoking the District Court jurisdiction based on the parties' diverse citizenship, Judge Jones explained to Stripling that in an action based on diversity-of-citizenship "[r]emoval of a state court action to federal court is limited to out-of-state citizens. Florida defendants are not permitted to remove an action [to a federal court in Florida] unless a federal question is raised in the complaint." Report and Recommendation, *Stripling I*, ECF No. 6 at 3; *accord* 28 U.S.C. § 1441(b)(2); *Loncoln Prop. Co. v. Roche*, 546 U.S.

---

[1] Furthermore, a defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446 (b)(2)(B). Plaintiff is well outside the thirty-day window to file her notice of removal.

81, 84 (2005); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024). In other words, even if Stripling had sufficiently alleged the court has subject matter jurisdiction by virtue of diversity-of-citizenship, she would be precluded from removing this action based on diversity-of-citizenship jurisdiction.

## III. CONCLUSION

Because Defendant Karen Stripling has failed to demonstrate that the District Court possesses subject-matter jurisdiction, the undersigned respectfully recommends that the District Court

1. **GRANT** Plaintiff's motion to remand, Doc. 3.

2. **REMAND** this action to the Circuit Court for the Fourteenth Judicial Circuit in and for Jackson County, Florida.

3. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>20th</u> day of June, 2024.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.**

*See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.